UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ELIZABETH ANN EBERLING,

                      Plaintiffs,

          - against -

TOWN OF TUXEDO, PAUL SUTTON,
Building Inspector, FRANCINE RAUCH,
ALYSE McCATHERN,

                   Defendants.
--------------------------------------------------------x

05 Civ. 2951 (CLB)

*Memorandum and Order*

Brieant, J.

      By motion (Doc. 8) filed December 28, 2005, heard and fully submitted for decision on

January 27, 2006, Defendants in this civil rights case involving claims of First Amendment

retaliation, seek Summary Judgment in their favor.


      The following facts are not in dispute or assumed in favor of the non-moving party.

Plaintiff Mrs. Elizabeth Ann Eberling resides in the Town of Tuxedo, County of Orange, New

York, where she operates an ice cream shop, "Take a Break," also located in Tuxedo, on the east

side of Route 17.  At all times relevant to this lawsuit, Defendant Paul Sutton was the Building

Inspector of Tuxedo, and Defendants Francine Rauch and Alyse McCathern were elected

members of the Town Board.  Compl. at ¶¶ 1-5.


      In August 2003, Mr. Sutton, in his capacity as the Building Inspector, directed Mrs.

Eberling to (1) remove a seasonal pink banner that was hanging from the high part of her ice

cream shop, *id.* at ¶ 7, and to (2) apply for and receive a permit from the newly formed

1

Architectural Review Board ("ARB") before she could re-hang it. The banner "advertised 24 flavors of ice cream." *Id.* at ¶ 8. Mrs. Eberling had unfurled and hung the same, or similar, banners each summer since 1994. *Id.* at ¶ 9. Mrs. Eberling claims and Defendants deny that she was told to remove the banner in retaliation for public statements she made. These statement were critical of the Town Board. She contends that Mr. Sutton acted, at least in part, under retaliatory directive from Defendants Mrs. Rauch and Mrs. McCathern, members of the Town Board whom Plaintiff had criticized.

Mrs. Eberling is a former member of the Town Board of Tuxedo and claims that she was an active supporter of the Tuxedo Reserve Development Project. She spoke in favor of this Project before the Town Board, and submitted a letter and petition to the Town Board, explaining the advantages to be gained by local businesses were the Project to be approved, leading to increasing population growth in Tuxedo. She criticized the Town Board for inhibiting growth, specifically, for delaying the Tuxedo Reserve Development Project. On November 15, 2002, Defendant Mrs. Rauch responded to Plaintiff in writing. *See* Plaintiff's Exh. 3. Defendant Mrs. Rauch stated: "On your insistence I will respond to your November 1, 2002 letter and will have a copy forwarded to all those signatures received [on the petition]."; "I am deeply disturbed that you have embarked on the single task of representing *Tuxedo Reserve as proposed* as the answer to all of the issues facing this community."; "Our Board has been meticulously reviewing this project and by the way, we will approve a special permit only if the facts provide assurance that the new Tuxedo Reserve area will in fact be an integral part of our schools, our businesses, our community, etc."; "...please contact me to set up a meeting with all business owners to

enlighten them with current, accurate information regarding Tuxedo Reserve...Please, let us work together." Plaintiff's Exh. 3.

According to Plaintiff, in the winter of 2002, Mrs. Rauch loudly informed Plaintiff that she "hated her guts," a response to Plaintiff's publicly expressed opinions concerning Tuxedo's future population growth. In August 2003, as noted earlier, Mr. Sutton approached Mrs. Eberling regarding the pink, 24 flavors sign and told her to take it down; Mrs. Eberling complied and in doing so, claims she lost business by taking down her highly visible and attractive banner. Compl. at ¶ 11. Mr. Sutton, according to Plaintiffs, allowed a plethora of similar banners and signs, all lacking permits, to remain on display throughout Tuxedo without any enforcement. *Id.* at ¶ 12; *see also* Plaintiff's Exh. 4. This claim is denied by Defendants.

On April 20, 2004, Ms. Eberling applied for a permit for her seasonal banner. The permit was granted unanimously by the APB, of which Ms. Rauch is a member.

Plaintiff seeks compensatory and punitive damages for claimed unequal enforcement of the sign ordinance against her in retaliation for her exercise of her First Amendment protected right to express her opinion in favor of the Tuxedo Reserve Development Project. Defendants deny unequal enforcement and deny that they retaliated against Plaintiff or treated her differently from a number of others who displayed unauthorized seasonal signs and banners.

*Summary Judgment Standard*

Fed. R. Civ. P. 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If "reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 106 S. Ct. 1505, 2513 (1986). In evaluating the record to determine whether there is a genuine issue as to any material fact, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson* at 255 (1986). If, as to the issue "on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d. Cir. 1994).

*The 1ˢᵗ Amendment and Retaliation:*

"There is no question," the Supreme Court has held, "that speech critical of the exercise of the State's power lies at the very center of the First Amendment." *Velez v. Levy*, 401 F.3d 75, 97 (2d. Cir. 2005), *quoting Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1034 (1991). A section 1983 claim "will lie where the government takes negative action against an individual because of his exercise of rights guaranteed" by the First Amendment. *Friedl v. City of New York*, 210 F.3d 79, 86-87 (2d Cir. 2000); *see also Greenwich Citizens Comm., Inc. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 31-32 (2d Cir. 1996) (distinguishing between "retaliatory First Amendment claims" and "affirmative" First Amendment claims, such as "facial challenges to statutes [and] challenges to prior restraints"). To prevail on a claim for this sort of

4

retaliation under § 1983, a plaintiff must show that (1) "his actions were protected by the First Amendment; and (2) the defendant's alleged [adverse] conduct was in response to that protected activity." *Velez* at 97, *relying on Friedl* at 85. The claim must be "supported by specific and detailed factual allegations," which are not stated "in wholly conclusory terms." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Here, Plaintiff's pleadings sufficiently state a colorable First Amendment retaliation claim. She alleges that she was subjected to a never or seldom enforced permit ordinance for a seasonal sign or banner which she had displayed during ice cream weather for many years, because she spoke out against the Town Board policies. It is violative of Plaintiff's rights for the Town to invoke a never or seldom used ordinance against Mrs. Eberling because she was publicly critical of the Town Board "- that is, that she engage[d] in an activity that is at the core of what is protected by the First Amendment. Such an action by [Defendants] would offend the basic purposes of the Free Speech clause - the facilitation of full and frank discussion in the shaping of policy and the unobstructed transmission of the people's views to those charged with decision making." *Velez* at 98 ; *See, e.g., Bond v. Floyd*, 385 U.S. 116, 135-36 (1966) ("The manifest function of the First Amendment in a representative government requires that legislators be given the widest latitude to express their views on issues of policy."). This is also true of the voting public. Assuming her allegations are true, as the Court must at this stage, summary judgment as to this claim is denied. Plaintiff must understand, however, that having engaged in criticism of the local powers that be does not automatically invoke a license to violate a valid or presumably valid land use regulation. Plaintiff must also show retaliation. In the

context of this case, the element of retaliation depends largely on a showing that others similarly situated who did not criticize were allowed to float similar signs and banners without being required to go through the permit process. Plaintiff must also convince the trial jury that such disparity of enforcement, if it existed, supports an influence of retaliation as opposed to mere negligence or some other innocent reason.

Mrs. Eberling has presented evidence sufficient to raise material issues of fact on these issues so as to defeat summary judgment. Plaintiff photographed, *see* Plaintiff's Exh. 4, "more than thirty locations with temporary banners in Tuxedo between October 2003 and March 2004 and sought to ascertain from the Town Clerk whether any of these locations had permits for their banners or signs." Plaintiff's Memorandum of Law in Opposition at p. 5. "The secretary to the Building Department responded on behalf of the Town and advised plaintiff that none of these more than thirty locations had permits for their banners or signs." *Id.* Defendants have also submitted evidence, showing that during the period 1997-2005, Tuxedo issued thirty-two cease and desist letters to various persons and entities regarding the use of signs not in conformity with the local ordinance. *See* Defendant's Exh. N. A plenary trial is required apparently to resolve this dispute.

In light of its resolution of the First Amendment claim, the Court need not reach the issue of whether the same conduct also violates the Equal Protection Clause of the Fourteenth Amendment. *See La Trieste Restaurant v. Village of Port Chester,* 188 F. 3d 65, 69 (2d Cir. 1999); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000).

**Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment (Doc. No. 8) is denied. Counsel shall attend for jury selection on February 21, 2006 at 9:15 a.m. followed by trial. Witness lists, proposed voir dire and requests to charge should be submitted to the Court as soon as conveniently possible.

X

X

X

X

X

SO ORDERED.

Dated: White Plains, New York
February 3, 2006

Charles L. Brieant

Charles L. Brieant, U.S.D.J.